IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION | ) | |
| NO. 142 PENSION FUND, TRUSTEES OF THE | ) | |
| TEAMSTERS UNION LOCAL NO. 142 | ) | |
| TRAINING AND APPRENTICESHIP TRUST | ) | |
| FUND, and TRUSTEES OF THE TEAMSTERS | ) | |
| UNION LOCAL NO. 142 ANNUITY FUND, | ) | CASE NO.:    2:18-cv-472 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIONHART TRUCKING LLC, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, by their attorney, Teresa A. Massa, complain against Defendant, **Lionhart Trucking, LLC** as follows:

**JURISDICTION AND VENUE**

1.    This Complaint is brought under, and this Court has jurisdiction pursuant to, Section 301 of the National Labor Relations Act, 29 U.S.C.  § 185(a) as amended, hereafter "LMRA", and

2.    This action is brought, and venue is proper, in this District and Division, in that Plaintiffs' funds offices are located in Gary, Indiana, where the funds are administered, and where the Plaintiffs' claims arose, pursuant to 29 U.S.C. § 1132(e)(2) and  § 1391(b) and (c).

## PARTIES

3.      Plaintiffs are the Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund (hereinafter the "Funds"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2).   The Funds are "Employee Pension Benefit Plans" and "Pension Plans" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and are therefore "Employee Benefit Plans" and "Plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3).   The Funds are also "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The Funds were established and are maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4.      Defendant, **LIONHART TRUCKING, LLC** is an Indiana limited liability company, whose principal place of business is in Gary, Indiana.   It is an employer engaged in an industry affecting commerce.

## COUNT I – SUCCESSORSHIP LIABILITY

5.      On or about April 17, 2015 **MAJOR LEAGUE TRUCKING, LLC ("MLT")** by its owner, Johnny McClendon, Jr., entered into a collective bargaining agreement with the Teamsters Union Local No. 142 ("Union") pursuant to which it was required to make periodic contributions to the Funds on behalf of certain of its employees.

6. By virtue of certain provisions contained in the collective bargaining agreement, **MLT** was bound by the Trust Agreements establishing the Funds.

7. **MLT** became delinquent in its contributions to the Funds, causing the Funds to file a lawsuit against **MLT** in case number 2:16-cv-396 on September 12, 2016 in this district and division.

8. The Court entered summary judgment against **MLT** on August 29, 2017, in the amount of $72,863.29.

9. After entry of judgment, Plaintiffs filed their Motion to Enforce Judgment by Proceedings Supplemental to Execution, and the Court set a hearing for October 27, 2017.

10. In response, **MLT** filed a Motion for Reconsideration of the Summary Judgment Order, and a Motion to Stay Execution.

11. Before the Court ruled on **MLT**'s Motions, on October 9, 2017, MLT filed for relief under Chapter 7 of the U.S. Bankruptcy code.

12. Shortly thereafter, on November 11, 2017, Johnny McClendon III incorporated and began operating **Lionhart Trucking, LLC**.

13. McClendon III is the son of Johnny McClendon, Jr. and was previously an employee of **MLT**.

14. In his capacity as manager of **Lionhart**, McClendon III hired his father to perform services for **Lionhart**.

15. While **MLT** purported to cease operations following its bankruptcy filing, **Lionhart** soon thereafter commenced operations.

3

16.     **Lionhart** services the same Lake and Porter County area in which **MLT** operated.

17.     **Lionhart** performs substantially the same trucking and hauling services as **MLT**.

18.     **Lionhart** uses the same business address as **MLT** used to park its trucks and stage its operations, at 3535 Ride Road, Gary, Indiana.

19.     Through not a formal manager of **Lionhart**, McClendon, Jr., in fact, controls its operations just as he did for **MLT**.

20.     The equipment **Lionhart** uses in its work, including vehicles, was previously owned and/or used by **MLT**.

21.     **Lionhart** had notice of the judgment against **MLT** because McClendon, Jr., who controls **Lionhart**'s operations, was involved in the litigation against **MLT**, and McClendon III was an employee of **MLT**.

22.     The Funds' judgment against **MLT** was partially paid by bond proceeds, but remains substantially unsatisfied.

23.     **MLT** failed to pay contributions to Plaintiffs' funds after the period of time covered by the judgment.

24.     Based on the foregoing, **Lionhart** is a successor to **MLT**, and Lionhart is liable for Plaintiffs' prior ERISA judgment against **MLT**, as well as post-judgment contributions and ancillary fees and penalties.

WHEREFORE, Plaintiffs request the following relief:

A.      A judicial declaration that **Lionhart** is a successor to **MLT**;

B.      That judgment be entered in favor of Plaintiffs and against **Lionhart** in the amount of benefits owed but unpaid by **MLT** pursuant to the prior judgment, as well as post-judgment contributions owed; and all ancillary amounts such as liquidated damages, interest and attorney fees and costs.

C.      That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20% and interest all as provided in the applicable agreements and ERISA Section 502(g)((2).

D.      That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II – ALTER EGO LIABILITY

25.      Plaintiffs reallege and incorporate ¶¶ 1-24 above into this Count II of this Complaint.

26.      The creation of **Lionhart Trucking, LLC** was in furtherance of **MLT**'s efforts to evade the judgment, as well as of **MLT**'s ongoing obligations pursuant to the collective bargaining agreement and trust agreements and was a disguised continuance of **MLT**.

27.      Based on the foregoing, **Lionhart** is an alter ego to **MLT**, and **Lionhart** is liable for contributions on **Lionhart**'s work pursuant to **MLT**'s ongoing obligations to the collective bargaining agreement and to the trust agreements.

28.      As alter ego, **Lionhart** remains bound to the collective bargaining agreement and Plaintiffs' trust agreements and is obligated to continue paying contributions to Plaintiffs funds.

29.      The funds require an audit to determine the amount of contributions due for

**Lionhart**'s employees performing bargaining unit work.

WHEREFORE, Plaintiffs request the following relief:

A.     A judicial declaration that **Lionhart** is a successor and alter ego to **MLT**;

B.     That **Lionhart** be ordered to submit to an audit for work performed from the inception of its business operations to the current time;

C.     That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, and interest, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.     That this Court grant plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,


/s/ Teresa A. Massa
Teresa A. Massa, #16133-45
1158 W. Lincolnway, Suite 2
Valparaiso, IN 46385
(219) 465-1766
Attorney for Plaintiffs